In re POLLOCK.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

ATTORNEYS—PAYMENT OF MONEY COLLECTED—PETITION—ANSWERING AFFIDA-
VIT—MOTION TO DISMISS—REMISSION TO ACTION AT LAW.

    Where respondents' affidavit, in answer to ·a petition to compel at-
torneys to pay over money to petitioner, stated that in view of certain
facts the petition should be dismissed, and the petitioner remitted to his
action or to a legal proceeding, and that respondents desired an action
to be brought, so as to enable them to plead a counterclaim, it was ap-
parent that respondents contemplated some sort of action other than
the present proceeding, though that might be termed a "legal proceed-
ing"; and hence, upon respondents' moving to dismiss the proceedings
on the grounds set forth in the answer. such motion should not be
denied on the theory that no request that petitioner be remitted to an
action at law had been made.

Appeal from special term, Kings county.

Petition by Norman H. Pollock to compel Henry G. Atwater and
another, attorneys at law, to pay over moneys collected for petitioner.
From an order overruling objections to the proceedings, and directing
the payment of money to the petitioner, respondents appeal. Re-
versed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Alfred B. Cruikshank, for appellants.

Jerry A. Wernberg, for respondents.

PER CURIAM. The learned justice who presided at the special
term, at the close of his opinion, writes these words:

    "No request that the petitioner be remitted to any action at law having
been made, I have taken the testimony, and fix the amount which the at-
torneys may retain for their services and expenses at $664.88."

Thus we may assume that the supposed absence of such request
moved the learned court to the summary procedure. But turning
to the record, we find that the respondents, in their answering affida-
vit, showed that:

    "In view of the facts stated above, and the absolute responsibility and
good faith of the respondents, these proceedings should be dismissed, and the
petitioner remitted to his action or to a legal proceeding to have the amount
adjusted in a proper way. That respondents desire that an action should
be brought by the said Pollock against them, in proper form, to recover said
sum, in order that they may have an opportunity of pleading a counterclaim
against him for a considerable sum which the said Pollock owes them over
and above all moneys which they have retained for their fees and disburse-
ments as aforesaid."

While it may be suggested in answer that the proceeding in ques-
tion is a "legal proceeding," yet it is quite apparent that the appel-
lants, by this request, contemplated some sort of action other than
the present proceeding. When, upon the order of the learned special
term, the matter came up for a hearing, the record shows that the
respondents "objected to proceeding, and said objections were over-
ruled as follows: "Respondents moved to dismiss the proceedings
on the grounds set forth in the answer." Upon the day to which

the matter was adjourned, the respondents again moved to dismiss the proceedings upon the grounds stated in the answer, but the court refused to entertain the motion on the ground that they had already been made and denied upon the return of the petition, whereupon the respondents excepted. We think that the respondents thus made a request that the petitioner be remitted to his action. We do not express any opinion upon the merits, but we rest with pointing out that, in our opinion, the respondents had made the request which the learned special term said had not been made, and the omission of which evidently was stated by it as an inducing cause, if not the inducing cause, for the entertainment of the summary proceedings in question. We think that under these circumstances the orders should be reversed, and the proceedings dismissed, without costs, and without prejudice to the petitioner to proceed by any action which he may deem proper to institute. We think that this determination cannot be prejudicial to the morale of the profession, inasmuch as the learned and able justice presiding at special term expresses the opinion that the attorneys, no doubt, acted in good faith, and that their fault was a mistake.

The orders should be reversed, without costs.